# Ballard Spahr LLP

1675 Broadway, 19th Floor
New York, NY 10019-5820
TEL 212.223.0200
FAX 212.223.1942
www.ballardspahr.com

Marjorie J. Peerce
Tel: 646.346.8039
Fax: 212.223.1942
peercem@ballardspahr.com

March 8, 2021

*VIA ECF*

Hon. Paul G. Gardephe
Thurgood Marshall
United States Courthouse
40 Foley Square
Courtroom 705
New York, NY 10007

Re:  Joint Motion for Entry of Judgment and Sealing -- Susquehanna International Group Limited v. Hibernia Express (Ireland) Limited, 21-cv-207-PGG (S.D.N.Y.)

Dear Judge Gardephe:

We represent Petitioner Susquehanna International Group Limited ("SIG") in the above-referenced case. We are pleased to report that the parties have recently entered into an agreement to settle the above-referenced matter. Pursuant to that agreement, we write on behalf of both SIG and Respondent Hibernia Express (Ireland) Limited ("Hibernia"), whose counsel is also a signatory on this letter, to respectfully request that the Court: (1) enter the enclosed consent judgment; and (2) order Exhibits 1 through 3 of SIG's Petition to Confirm Arbitration Award (the "Petition") (D.E. 1) be permanently sealed or, in the alternative, withdrawn from the ECF filing system and replaced with redacted versions enclosed herewith.

With respect to the parties' first request, the parties settled the above-referenced action with Hibernia agreeing to entry in this action of the enclosed consent judgment (Attachment 1). The enclosed consent judgment is for the amount provided in the arbitration award, calculated as of March 5, 2021, with interest at an agreed upon rate, subject to SIG's agreement not to enforce the judgment unless Hibernia defaults on the settlement agreement. The parties respectfully request that the Court enter the judgment.

With respect to the parties' second request, under both the Master Services Agreement ("MSA") establishing the commercial relationship between SIG and Hibernia and a separate confidentiality agreement executed by the parties in connection with the underlying arbitration (and entered as an order by the arbitrator) (Attachment 2), the parties agreed that certain information would be treated as confidential, including terms of the MSA and the

Hon. Paul G. Gardephe
March 8, 2021
Page 2

proceedings in the arbitration.  Pursuant to those agreements, when SIG filed the Petition, it initially filed the exhibits on the public record and within hours sought emergency sealing of the Petition and the exhibits filed therewith.  The Petition and all exhibits were placed under seal.  The parties have since conferred regarding the confidentiality of those documents and agree that the Petition and Exhibit 4 thereto may be unsealed.  Hibernia contends that Exhibits 1 through 3 to the Petition, however, contain information that is commercially sensitive and confidential.  Attached to this letter (Attachment 3) are versions of those three exhibits redacted to prevent the disclosure of the information Hibernia contends is commercially sensitive and could cause it competitive harm if revealed.  Notably, the redacted exhibits continue to disclose the arbitrator's ultimate awards in the underlying arbitration proceeding as well as the arbitration provision of the MSA.

In addition to the confidentiality provisions in the parties' agreements, the parties believe that permanently sealing the unredacted Exhibits 1 through 3 is warranted under Second Circuit standards.  First, as the parties have agreed to terms for the resolution of their dispute and agreed to the entry of the enclosed consent judgment prior to the Court needing to address the merits of the action, Exhibits 1 through 3 to the Petition were not relevant to the performance of this Court's judicial function.  *Brown v. Maxwell*, 929 F.3d 41, 51-52 (2d Cir. 2019).  While the Petition itself is a "judicial document," as it initiated the action and provided the Court with jurisdiction over the dispute (*see Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139-40 (2d Cir. 2016)), all of the critical information necessary to this Court's jurisdiction was contained in the Petition itself.  Further, the Court was never presented with briefing or asked to rule on the Petition and thus had no need to consider the exhibits to the Petition in conducting its judicial function.  Thus, the Court can and respectfully should conclude that Exhibits 1 through 3 were "redundant [or] immaterial" at this stage in the litigation and thus "not 'relevant to the performance of the judicial function.'"  *See Brown*, 929 F.3d at 51.  Accordingly, Exhibits 1 through 3 are not "judicial documents" and have no presumption of public access.  *Id.*; *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access.  We think that the item filed must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document.").[1]

Even if Exhibits 1 through 3 do constitute "judicial documents," the presumption of access to them is entitled to very little weight.  *Brown*, 929 F.3d at 51 ("documents that 'play only a negligible role in the performance of Article III duties' are accorded only a low presumption

---

[1]  SIG reserves the right to contend that different considerations regarding public access to Exhibits 1 through 3 apply if those documents become relevant in connection with any default of the settlement agreement by Hibernia or execution efforts by SIG.

Hon. Paul G. Gardephe
March 8, 2021
Page 3

that 'amounts to little more than a prediction of public access absent a countervailing reason.'"); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) ("[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.") (quotation omitted). Because the "role of a district court on reviewing an arbitration award is 'narrowly limited,'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 103 (2d Cir. 2013), the arbitration provision in the MSA and the ultimate award of the arbitrator may be relevant to the Court's judicial function on a petition to confirm, but the rest of the MSA and the rationale of the arbitrator (here the portions of Exhibits 1 through 3 that the parties propose to redact) "play a more tangential role in the dispute" and thus are accorded a "weaker presumption of access." *See Breaking Glass Pictures, LLC v. Sal Franciosa Prods., LLC*, No. 20-CV-4304 (RA), 2020 U.S. Dist. LEXIS 107516, at *2-3 (S.D.N.Y. June 18, 2020). Moreover, here, where the Petition was never fully briefed and the Court was not asked to rule on the Petition, rather than tangential, the role of Exhibits 1 through 3 is virtually non-existent. Thus, even a weak showing would entitle the documents to protection from disclosure.

In light of the minimal presumption in favor of public access (at worst), the countervailing factors against disclosure warrant granting the parties' joint request that the Exhibits 1 through 3 be permanently sealed or withdrawn and replaced with the redacted versions submitted with this letter. In particular, the information redacted from Exhibits 1 through 3 includes commercial terms negotiated by the parties and information relating to Hibernia's business operations that Hibernia believes could, if revealed, provide a commercial advantage to Hibernia's competitors and to its customers in negotiating other contracts. *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts. . ."); *Dow Chem. Co. v. Olin Corp.*, No. 20-Cv-06608 (SHS), 2020 U.S. Dist. LEXIS 156879 (S.D.N.Y. Aug. 28, 2020) (granting motion to seal arbitration award filed with petition to confirm). Second, retaining the documents under seal will promote the "federal policy in favor of arbitration" by "permitting one of the principle advantages of arbitration-confidentiality-to be achieved." *Glob. Reinsurance Corp. v. Argonaut Ins. Co.*, 2008 U.S. Dist. LEXIS 32419, at *3 (S.D.N.Y. Apr. 18, 2008); *Fireman's Fund Ins. Co. v. Cunningham Lindsey Claims Mgmt., Inc*., Nos. 03-CV-0531 (DLI)(MLO), 03-CV-1625 (DLI)(MLO), 2005 U.S. Dist. LEXIS 32116, at *10-11 (E.D.N.Y. June 28, 2005) (protecting parties' confidentiality agreements, in the context of the choice to engage in private arbitration "promotes federal policy and encourages ADR by ensuring that parties in an arbitration proceeding get the protections for which they contracted."). Finally, retaining the documents under seal will promote judicial efficiency, as it will reduce the risk of further

litigation in this Court on the issue of confidentiality where the parties have resolved the dispute on the merits and agreed to entry of judgment.[2]

In light of the non-existent (or, at most, minimal) public interest in access to Exhibits 1 through 3 of the Petition based on the stage of the proceedings, the parties' interests in maintaining those documents under seal to protect their commercial negotiations and the arbitration proceedings warrant an order that those documents remain permanently sealed or that SIG be permitted to withdraw Exhibits 1 through 3 (and they be removed from the ECF filing system) and replace them with redacted versions of those exhibits.

The parties respectfully request that the Court grant the relief requested.

Respectfully submitted,

/s/ Marjorie J. Peerce
Marjorie J. Peerce
Counsel for Susquehanna International Group Limited


/s/ Scott D. Livingston
Scott D. Livingston (*pro hac vice* to be filed)
Marcus & Shapira LLP
301 Grant Street, 35th Floor
One Oxford Centre
Pittsburgh, Pennsylvania 15219-6401
Direct Dial: 412-338-4690
Livingston@marcus-shapira.com
Counsel for Hibernia Express (Ireland) Limited

Enclosures

---

[2] In an unrelated dispute between Hibernia and another customer with a similar MSA, Judge William H. Pauley III permitted the parties to file redacted pleadings—including a redacted MSA. *Global Colocation Services, LLC v. Hibernia Express (Ireland) Limited*, Case No. 1:17-cv-09027 – WHP, Docket No. 5 (S.D.N.Y. November 21, 2017).