# EXHIBIT 1

## INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION
### International Arbitration Tribunal

SUSQUEHANNA INTERNATIONAL )
GROUP LIMITED, )
)    ICDR Case Number: 01-19-0002-0286
Claimant, )
)
v. )
)
HIBERNIA EXPRESS (IRELAND) )
LIMITED, )
)
Respondent. )
_____)

## FINAL AWARD

THE UNDERSIGNED SOLE ARBITRATOR (the "Tribunal" or "Arbitrator"), having

been designated and duly appointed by the International Centre for Dispute Resolution ("ICDR"),

a division of the American Arbitration Association ("AAA"), in accordance with the arbitration

agreement set forth in Amendment No. 2 dated August 8, 2016 ("Amendment No. 2") to an

Express Master Services Agreement (the "MSA" or "Agreement") dated as of November 27, 2015,

between Susquehanna International Group Limited ("SIG" or "Susquehanna" or "Claimant") and

Hibernia Express (Ireland) Limited ("Hibernia" or "Respondent"), and being duly sworn, and

having duly heard the proofs and allegations of the Parties, hereby renders this AWARD, as

follows:

█     █████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████



The Tribunal entered a Partial Final Award dated November 3, 2020 in favor of Claimant in the amount of US$2,552,083.00 plus pre-award interest in the amount of US$310,828.00 and post-award interest in the amount of US$629.00 per day commencing on December 5, 2020.  In so doing, the Tribunal decided all claims and defenses asserted in this arbitration except that the Tribunal expressly retained jurisdiction to consider and decide an application by Susquehanna International Group Limited for an award of (a) its attorney's fees incurred in connection with this arbitration, (b) the expense of compensation of the Tribunal, and (c) the administrative fees and expenses of the International Centre for Dispute Resolution of the American Arbitration Association.

II.     The Agreement to Arbitrate

Amendment No. 2 sets forth the agreement to arbitrate that governs this arbitration. Section 1.A. of Amendment No. 2 provides as follows:

"Section 31.2 of the Agreement is deleted and replaced with the following:

31.2 Any dispute in relation to this Agreement will be referred to and finally resolved by arbitration in New York, USA, administered by the American

Arbitration Association ('AAA') under its Commercial Arbitration Rules ('AAA Commercial Arbitration Rules') for the time being in force, which rules are deemed to be incorporated by reference in this clause. The number of arbitrators shall be one, such arbitrator to be appointed by the AAA in accordance with the AAA Commercial Arbitration Rules. The language of the arbitration will be English."

## III. Partial Final Award Incorporated Herein

The Partial Final Award in this arbitration dated November 3, 2020, is incorporated herein in its entirety and is made a part hereof by reference.







**FINAL AWARD**

For the foregoing reasons, the undersigned Tribunal hereby awards, as its FINAL AWARD, as follows:

1.    The Partial Final Award in this arbitration dated November 3, 2020 is incorporated herein by reference, and thereby made a part hereof, in its entirety.

2.    In addition to the amounts awarded in the Partial Final Award, Hibernia Express (Ireland) Limited shall pay Susquehanna International Group Limited, on or before February 8, 2021, attorneys' fees and expenses in the amount of US$603,000.

3.    Hibernia Express (Ireland) Limited shall pay Susquehanna International Group Limited interest on the amount awarded herein for attorneys' fees and expenses in the amount of US$149.00 per day commencing on March 9, 2021 and continuing until such time as all amounts awarded in this Final Award and in the Partial Final Award, including all accrued interest amounts, are paid in full.

4.    The administrative fees and expenses of the International Centre for Dispute Resolution (ICDR) totaling US$18,975.00 shall be borne entirely by Respondent, and the compensation and expenses of the Tribunal totaling US$106,207.50 shall be borne entirely by

Respondent. Therefore, Hibernia Express (Ireland) Limited shall reimburse Susquehanna International Group Limited the sum of US$72,078.75 representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by Susquehanna International Group Limited.

I hereby certify that, for the purposes of Section I of the New York Convention of 1958 on the Recognition and Enforcement of Foreign Arbitral Awards, this Final Award was made in New York City, New York, U.S.A.

January 6, 2021
Date

Richard L. Mattiaccio, Sole Arbitrator

| State of Connecticut | ) | |
| | ) | SS: |
| County of Fairfield | ) | |

I, Richard L. Mattiaccio, do hereby affirm upon my oath as Sole Arbitrator that I am the individual described in and who executed this instrument, which is my Final Award.

January 6, 2021
Date

Richard L. Mattiaccio, Sole Arbitrator

| State of Connecticut | ) | |
| | ) | SS: Stamford |
| County of Fairfield | ) | |

On this 6 day of January, 2021, before me personally came and appeared Richard L. Mattiaccio, to me known and known to me to be the individual described in and who executed the foregoing instrument and he acknowledged to me that he executed the same.

_____
Notary Public

Brian Jarvis
Notary Public
My Commission Expires 06/30/2024
State of Connecticut

# EXHIBIT 2

SUSQUEHANNA INTERNATIONAL          )
GROUP LIMITED,                     )
                                   )
    Claimant,  )
                                   )
  v.                     )  Case Number: 01-19-0002-0286
                                   )
HIBERNIA EXPRESS (IRELAND)         )
LIMITED,                           )
                                   )
    Respondent. )
_____)

## PARTIAL FINAL AWARD

THE UNDERSIGNED SOLE ARBITRATOR (the "Tribunal" or "Arbitrator"), having been designated and duly appointed by the International Centre for Dispute Resolution ("ICDR"), a division of the American Arbitration Association ("AAA"), in accordance with the arbitration agreement set forth in Amendment No. 2 dated August 8, 2016 ("Amendment No. 2") to an Express Master Services Agreement dated as of November 27, 2015, between Susquehanna International Group Limited "SIG" or "Susquehanna" or "Claimant") and Hibernia Express (Ireland) Limited ("Hibernia or "Respondent") (the "MSA" or "Agreement"), and being duly sworn, and having duly heard the proofs and allegations of the Parties, hereby renders this AWARD, as follows:

█ ████████

████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████



II.  The Agreement to Arbitrate

Amendment No. 2 sets forth the agreement to arbitrate that governs this arbitration. Section

1.A. of Amendment No. 2 provides as follows:

> "Section 31.2 of the Agreement is deleted and replaced with the following:
>
> 31.2  Any dispute in relation to this Agreement will be referred to and finally resolved by arbitration in New York, USA, administered by the American Arbitration Association ('AAA') under its Commercial Arbitration Rules ('AAA Commercial Arbitration Rules') for the time being in force, which rules are deemed to be incorporated by reference in this clause.  The number of arbitrators shall be one, such arbitrator to be appointed by the AAA in accordance with the AAA Commercial Arbitration Rules.  The language of the arbitration will be English."

III.  The Parties

Claimant Susquehanna is a company based in Dublin, Ireland, engaged in the business of proprietary securities and trading.

Respondent Hibernia is a company formed under the laws of the Republic of Ireland, engaged in the business of providing fiber optic telecommunications services.































The Tribunal further reserves jurisdiction to decide SIG's application for an award of the costs of this arbitration until issuance of a Final Award.

## PARTIAL FINAL AWARD

For the foregoing reasons, the undersigned Tribunal hereby awards, as its PARTIAL FINAL AWARD, as follows:

1.      The Express Master Services Agreement dated as of November 27, 2015 between Susquehanna International Group Limited and Hibernia Express (Ireland) Limited, including any and all amendments and service order forms, are hereby declared terminated effective as of June 27, 2019, on grounds of material breach by Hibernia Express (Ireland) Limited;

2.      Hibernia Express (Ireland) Limited shall pay to Susquehanna International Group Limited, on or before December 4, 2020, refunds due under the Express Master Services Agreement in the total amount of US$2,552,083.00;

3.      Hibernia Express (Ireland) Limited shall pay Susquehanna International Group Limited (a) on or before December 4, 2020, pre-award interest in the total amount of US$310,828.00, and (b) post-award interest in the amount of US$629.00 per day commencing on December 5, 2020 and continuing until such time as all amounts awarded in this Partial Final Award, including all accrued interest amounts, are paid in full;

4.      The Tribunal retains jurisdiction to consider and decide a written application by Susquehanna International Group Limited for an award of its attorney's fee incurred in connection with this arbitration. Susquehanna International Group Limited shall submit its fee application on or before November 20, 2020. Hibernia Express (Ireland) Limited shall submit its opposition, if any, by December 4, 2020. Susquehanna International Group Limited may submit a brief reply, if any, by December 10, 2020. The Tribunal retains discretion to extend these deadlines based on a

showing of good cause. No further submissions may be made without prior authorization by the Tribunal.

5. The Tribunal reserves decision and retains jurisdiction to decide the application by Susquehanna International Group Limited for an award of (a) the administrative fees and expenses of the International Centre for Dispute Resolution of the American Arbitration Association and (b) the expense of compensation of the Tribunal. Any submissions related to this application shall be included in submissions related to the fee application of Susquehanna International Group Limited.

I hereby certify that, for the purposes of Section I of the New York Convention of 1958 on the Recognition and Enforcement of Foreign Arbitral Awards, this Partial Final Award was made in New York City, New York, U.S.A.

November 3, 2020
Date

_____
Richard L. Mattiaccio, Sole Arbitrator

I, Richard L. Mattiaccio, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument, which is my Partial Final Award.

November 3, 2020
Date

_____
Richard L. Mattiaccio, Sole Arbitrator



EXHIBIT 3

## EXPRESS SERVICE MASTER SERVICES AGREEMENT

THIS **EXPRESS SERVICE MASTER SERVICES AGREEMENT** (this **"Master Services Agreement"** or **"MSA"**) is made and entered into as of November 27, 2015 (the **"Effective Date"**) by and between **Hibernia Express (Ireland) Limited**, a company formed under the laws of the Republic of Ireland (**"Hibernia"**), and the Customer Identified on the signature page to this Master Services Agreement (the **"Customer"**).

### RECITALS:

**WHEREAS**, Hibernia, through various subsidiaries, has constructed a new trans-Atlantic cable system that connects various cities in Europe and the United States and which has the lowest latency of any existing trans-Atlantic system between certain cities including Slough, England and Secaucus, New Jersey;

**WHEREAS**, Hibernia is offering the low latency transport services, on a first come, first served basis, to a select group of customers;

**WHEREAS**, Hibernia wishes to sell to Customer, and Customer wishes to purchase from Hibernia, the Service(s) specified from time-to-time in one or more approved Hibernia service order forms (each a **"Service Order Form"**), the form of which is attached hereto as **Schedule A**;

**NOW, THEREFORE**, in consideration of the mutual promises set forth below, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereby agree as follows:



Final        Hibernia Networks Proprietary        © Copyright 2011-2015 Hibernia Networks.        All rights reserved.





Final    Hibernia Networks Proprietary Information      © Copyright 2011-2015 Hibernia Networks.
All rights reserved.



Final     Hibernia Networks Proprietary Information       © Copyright 2011-2015 Hibernia Networks.
All rights reserved.



## 2. TERM

This Master Services Agreement shall take effect upon its execution by both parties and shall remain in effect until the expiration of the last service provided hereunder, unless earlier terminated as provided in this Master Services Agreement (the "**Agreement Term**").

The term, with respect to each Service, shall begin on the Acceptance Date and, subject to any break options provided for in the applicable Service Order Form, shall extend for a period of years thereafter as set forth in the applicable Service Order Form (the "**Initial Service Term**"). Unless either party has provided the other party with notice of its intention to terminate the Service at least sixty (60) days prior to the expiration of the Initial Service Term, the Initial Service Term shall automatically continue on a month-to-month basis (the "**Extended Service Term**" and together with the Initial Service Term, the "**Service Term**"), at the then prevailing rate for the Service on the applicable route. Unless otherwise specified in the applicable Service Order Form and without limiting the generality of the foregoing, Customer shall be entitled to terminate the Service at no additional cost at any time following the end of the Initial Service Term upon no less than sixty (60) days prior written notice to Hibernia.



Final    Hibernia Networks Proprietary Information    © Copyright 2011-2015 Hibernia Networks.
All rights reserved.



Final     Hibernia Networks Proprietary Information     © Copyright 2011-2015 Hibernia Networks.
All rights reserved.





Final    Hibernia Networks Proprietary Information    © Copyright 2011-2015 Hibernia Networks.
All rights reserved.



Final    Hibernia Networks Proprietary Information      © Copyright 2011-2015 Hibernia Networks.
All rights reserved.



 Hibernia Networks Proprietary Information      © Copyright 2011-2015 Hibernia Networks.
All rights reserved.



Final    Hibernia Networks Proprietary Information    © Copyright 2011-2015 Hibernia Networks.
All rights reserved.


Final    Hibernia Networks Proprietary Information       © Copyright 2011-2015 Hibernia Networks.
All rights reserved.



Final    Hibernia Networks Proprietary Information    © Copyright 2011-2015 Hibernia Networks.
All rights reserved.



Final     Hibernia Networks Proprietary Information       © Copyright 2011-2015 Hibernia Networks.
All rights reserved.



Final    Hibernia Networks Proprietary Information       © Copyright 2011-2015 Hibernia Networks.
All rights reserved.



Final     Hibernia Networks Proprietary Information        © Copyright 2011-2015 Hibernia Networks.
All rights reserved.



All rights reserved.



Final    Hibernia Networks Proprietary Information      © Copyright 2011-2015 Hibernia Networks.
All rights reserved.



Final    Hibernia Networks Proprietary Information      © Copyright 2011-2015 Hibernia Networks.
All rights reserved.



### 28. ENTIRE AGREEMENT; AMENDMENTS

This Master Services Agreement, together with the schedules and exhibits hereto and the applicable Service Order Form(s), sets forth the entire understanding of the parties and supersedes any and all prior agreements, arrangements and understandings relating to the subject matter of this Master Services Agreement (unless made fraudulently). This Master Services Agreement constitutes the entire and final agreement and understanding between the parties with respect to the subject matter hereof and supersedes all prior agreements relating to the subject matter hereof, which are of no further force or effect. The schedule and exhibits referred to herein are integral parts hereof and are hereby made a part of this

Final    Hibernia Networks Proprietary Information    © Copyright 2011-2015 Hibernia Networks. All rights reserved.

Master Services Agreement. This Master Services Agreement may only be modified or supplemented by an instrument in writing executed by a duly authorized representative of each party.



**31. JURISDICTION AND CHOICE OF LAW**

31.1   This Master Services Agreement is governed by the law of the state of New York of the United States of America.

31.2   Any dispute in relation to this Master Services Agreement will be referred to and finally resolved by arbitration in New York in accordance with the rules of the International Chamber of Commerce ("ICC Rules") for the time being in force, which rules are deemed to be incorporated by reference in this clause. The tribunal will consist of three arbitrator(s) to be appointed in accordance with the ICC Rules save that the president of the arbitral tribunal will be appointed by the party-appointed arbitrators, in consultation with the parties, within 30 days from their confirmation by the ICC Court. In the event that the party-appointed arbitrator fails to agree on a president within the prescribed deadline, the president of the arbitral tribunal shall be appointed directly by the President of the ICC Court, and not through a national committee. The language of the arbitration will be English.

31.3   Section 31.2 will not operate to prevent either party from applying to a court of competent jurisdiction for an emergency injunction or other such relief.

**[signatures appear on the next page]**

**IN WITNESS WHEREOF**, the parties have caused this Master Services Agreement to be signed by their duly authorized representatives as of the 27th day of November 2015.

**HIBERNIA EXPRESS (IRELAND) LIMITED**

By: _____

Name:    Bjarni K. Thorvardarson

Title:    Director

Notice Address:    c/o Hibernia Atlantic U.S. LLC d/b/a Hibernia Networks

                            25 De Forest Avenue, Suite 108

                            Summit, NJ 07901

                            Attention:  General Counsel

**SUSQEHANA INTERNATIONAL GROUP LIMITED  "CUSTOMER"**

By: _____

Name:    Andrew Mullins

Title:    Director

Notice Address:        Susquehanna International Group Limited

                            2nd Floor, International Centre

                            Memorial Road, IFS

                            Dublin 1, Ireland

            Attention:    The Legal Department

Final     Hibernia Networks Proprietary Information        © Copyright 2011-2015 Hibernia Networks.
All rights reserved.

Final     Hibernia Networks Proprietary Information        © Copyright 2011-2015 Hibernia Networks.
All rights reserved.



Final     Hibernia Networks Proprietary Information     © Copyright 2011-2015 Hibernia Networks.
All rights reserved.



Final    Hibernia Networks Proprietary Information      © Copyright 2011-2015 Hibernia Networks.
All rights reserved.



Final    Hibernia Networks Proprietary Information       © Copyright 2011-2015 Hibernia Networks.
All rights reserved.



Final     Hibernia Networks Proprietary Information     © Copyright 2011-2015 Hibernia Networks.
All rights reserved.





Final    Hibernia Networks Proprietary Information      © Copyright 2011-2015 Hibernia Networks.
All rights reserved.