UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SUSQUEHANNA INTERNATIONAL
GROUP LIMITED,

                            Petitioner,

            - against -

HIBERNIA EXPRESS (IRELAND)
LIMITED,

                            Respondent.

**ORDER**

21 Civ. 207 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

            In this action, Susquehanna International Group Limited ("Susquehanna") seeks
to confirm an arbitration award.  (Petition (Dkt. No. 1))  In a March 8, 2021 joint letter,
Susquehanna and Respondent Hibernia Express (Ireland) Limited ("Hibernia") request that this
Court (1) enter a consent judgment that will resolve and dispose of the action; and (2) permit
Exhibits 1 through 3 to Susquehanna's petition to confirm the arbitration award to "be
permanently sealed or, in the alternative, withdrawn from the ECF filing system and replaced
with [the] redacted versions enclosed herewith."  (See Mot. (Dkt. No. 4) at 1)

            The Court will enter the proposed consent judgment submitted by the parties.

            As to the sealing request, Exhibits 1, 2 and 3 are the Final Arbitration Award, the
Partial Final Arbitration Award, and a Master Services Agreement ("MSA") between the parties
(collectively, the "Exhibits").  The parties contend that sealing is appropriate because (1) the
Exhibits are not "judicial documents" to which a presumption of public access applies, and even
if they are "judicial documents," the presumption of public access should be given little weight,
because the presumption is outweighed by the parties' privacy interests; and (2) pursuant to the

MSA and "a separate confidentiality agreement executed by the parties in connection with the underlying arbitration (and entered as an order by the arbitrator) . . . , the parties agreed that certain information would be treated as confidential, including the terms of the MSA and the proceedings in the arbitration."  (Id. at 1-3)

A presumption of public access applies to "judicial documents," which are documents "'relevant to the performance of the judicial function and useful in the judicial process.'"  Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006) (quoting United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995) ("Amodeo I")).  "A document is . . . 'relevant to the performance of the judicial function' if it would reasonably have the tendency to influence a district court's ruling on a motion or in the exercise of its supervisory powers, without regard to which way the court ultimately rules or whether the document ultimately in fact influences the court's decision."  Brown v. Maxwell, 929 F.3d 41, 49 (2d Cir. 2019) (citing Amodeo I, 44 F.3d at 145-46) (emphasis in original).  "[I]f in applying these standards, a court determines that documents filed by a party are not relevant to the performance of a judicial function, no presumption of public access attaches."  Id. (emphasis in original).

If, however, the court "determine[s] that the documents are judicial documents . . . it must determine the weight of th[e] presumption [of judicial access]. . . . [Then,] the court must 'balance competing considerations against [that presumption].'"  Lugosch, 435 F.3d at 119-20 (quoting United States v. Amodeo, 71 F.3d 1044, 1050 (2d Cir. 1995) ("Amodeo II")).  "'[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.  Generally, the information will fall somewhere on a

continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance.'"  Id. at 119 (quoting Amodeo II, 71 F.3d at 1049)).

"'[D]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to preserve that interest. . . . Broad and general findings by the trial court, however, are not sufficient to justify closure.'"  Id. at 120 (quoting Matter of N.Y. Times Co., 828 F.2d 110, 116 (2d Cir. 1987)).

The parties argue that the Exhibits are not judicial documents because (1) "the Court was never presented with briefing or asked to rule on the Petition and thus had no need to consider the exhibits to the Petition in conducting its judicial function"; and (2) "the parties have agreed . . . to the entry of the enclosed consent judgment prior to the Court needing to address the merits of the action," so the Exhibits are "not relevant to the performance of this Court's judicial function."  (Mot. (Dkt. No. 4) at 2 (citing Brown, 929 F.3d at 51-52))  They further argue that, even if the Exhibits are judicial documents, "the presumption of access to them is entitled to very little weight[,]" because "here, where the Petition was never fully briefed and the Court was not asked to rule on the Petition, . . . the role of Exhibits 1 through 3 is virtually non-existent."  (Id. at 2-3 (citations omitted))

Because the parties settled this action before the Petition was briefed or decided, the Court need not rely on the Exhibits for the purpose of deciding the merits of the Petition. However, "[t]he fact that a suit is ultimately settled without a judgment on the merits does not impair the 'judicial record' status of pleadings. . . . [P]leadings are considered judicial records 'even when the case is pending before judgment or resolved by settlement.'"  Bernstein v. Bernstein Litowitz Berger & Grossmann LLP, 814 F.3d 132, 140 (2d Cir. 2016) (quoting IDT

Corp. v. eBay, 709 F.3d 1220, 1223 (8th Cir. 2013)).  Indeed, the Second Circuit has "expressly rejected the proposition that 'different types of documents might receive different weights of presumption based on the extent to which they were relied upon in resolving [a] motion.'" Brown, 929 F.3d at 48 (quoting Lugosch, 435 F.3d at 123) (alterations omitted).  In other words, "[o]nce [a document is] filed on the docket, the presumption of access attaches . . . and does not disappear."  Dawson v. Merck & Co., No. 1:12-CV-1876 (BMC)(PK), 2021 WL 242148, at *5 (E.D.N.Y. Jan. 24, 2021).

Moreover, "it is well settled in this District that 'the petition, memoranda, and other supporting documents filed in connection with a petition to confirm an arbitration award (including the Final Award itself) are judicial documents that directly affect the Court's adjudication of that petition.'"  Clearwater Ins. Co. v. Granite State Ins. Co., No. 15-cv-165 (RJS), 2015 WL 500184, at *3 (S.D.N.Y. Feb. 5, 2015) (quoting Aloi Nissay Dowa Ins. Co. v. ProSight Specialty Mgmt. Co., No. 12 Civ. 3274(JPO), 2012 WL 3583176, at *6 (S.D.N.Y. Aug. 21, 2012))) (collecting cases); see also Alexandria Real Estate Equities, Inc. v. Fair, No. 11 Civ. 3694(LTS), 2011 WL 6015646, at *2 (S.D.N.Y. Nov. 30, 2011) ("Petitions to confirm arbitration awards, and their attendant memoranda of law and supporting documents, are 'judicial documents that directly affect[] the Court's adjudication' of the confirmation petition." (quoting Church Ins. Co. v. Ace Prop. & Cas. Ins. Co., No. 10 Civ. 698(RJS), 2010 WL 3958791, at *1 (S.D.N.Y. Sept. 23, 2010))).

Here, the Exhibits – the Final Arbitration Award, the Partial Final Arbitration Award, and the MSA between the parties – directly affect the adjudication of the Petition, and are therefore judicial documents.  Clearwater Ins. Co., 2015 WL 500184, at *3.  That the Court need not decide the merits of the Petition does not change the fact that the Exhibits are judicial

documents.  Moreover, because the information contained in the Exhibits directly affects the adjudication of the Petition, a strong presumption of public access applies.  See Lugosch, 435 F.3d at 119; see also Eagle Star Ins. Co. v. Arrowood Indem. Co., No. 13 CV 3410 HB, 2013 WL 5322573, at *2 (S.D.N.Y. Sept. 23, 2013) ("[T]he sealed Arbitration Information . . . constitute[s] 'the heart of what the Court is asked to act upon.' . . . The weight of the presumption of access therefore is correspondingly high. . . . Whether the Court decided the petition or the motion to dismiss . . . does not affect the weight of the presumption of access." (quoting Glob. Reins. Corp.-U.S. Branch v. Argonaut Ins. Co., Nos. 07 Civ. 8196(PKC), 07 Civ. 8350(PKC), 2008 WL 1805459, at *1 (S.D.N.Y. Apr. 21, 2008))).

Having concluded that a strong presumption of public access applies to the Exhibits, the Court must next "'balance competing considerations against [that presumption].'" Lugosch, 435 F.3d at 119-20 (quoting Amodeo II, 71 F.3d at 1050).  Competing considerations may include the parties' interests in confidentiality, particularly where "public disclosure of th[e] information '"might harm a litigant's competitive standing."'"  Oliver Wyman, Inc. v. Eielson, 282 F. Supp. 3d 684, 706 (S.D.N.Y. 2017) (quoting In re Parmalat Sec. Litig., 258 F.R.D. 236, 244 (S.D.N.Y. 2009) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978))).

Here, the parties assert that any presumption of public access is outweighed by (1) their agreement to keep the terms of the MSA and the arbitration proceedings confidential; and (2) potential competitive harm to Hibernia in the event that the Exhibits are not sealed.  (Mot. (Dkt. No. 4) at 1-3)

Confidentiality agreements alone are not an adequate basis for sealing.  See, e.g., Bernsten v. O'Reilly, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018) ("Courts in this district have long held that bargained-for confidentiality does not overcome the presumption of access to

5

judicial documents.") (collecting cases); <u>First State Ins. Co. v. Nat'l Cas. Co.</u>, No. 13 Civ.

704(AJN), 2013 WL 8675930, at *1 (S.D.N.Y. Feb. 19, 2013) (denying motion to seal

documents submitted in connection with a petition to confirm an arbitration award, because

"[t]he assertion that disclosure violates a separate confidentiality order is insufficient"); <u>Aioi</u>

<u>Nissay</u>, 2012 WL 3583176, at *6 ("Courts in this District have held that 'the mere existence of a

confidentiality agreement covering judicial documents is insufficient to overcome the First

Amendment presumption of access,' <u>Alexandria Real Estate</u>, 2011 WL 6015646, at *3, and have

consistently refused to seal the record of a petition to confirm an arbitration award,

notwithstanding the existence of such an agreement.") (citations omitted).

      While a risk of competitive harm may serve as a basis for sealing judicial

documents, the parties have not made a sufficient showing of competitive harm.  They merely

state that "the information redacted from Exhibits 1 through 3 includes commercial terms

negotiated by the parties and information relating to Hibernia's business operations that Hibernia

believes could, if revealed, provide a commercial advantage to Hibernia's competitors and to its

customers in negotiating other contracts."  (Mot. (Dkt. No. 4) at 3)  But the parties have not

identified with specificity what terms present such a risk to Hibernia, nor have they provided

more than a conclusory assertion of potential harm resulting from disclosure.

      Moreover, the parties have made no effort to present a "narrowly tailored" sealing

request, as <u>Lugosch</u> requires.  See <u>Lugosch</u>, 435 F.3d at 120; <u>cf. Cunningham v. Cornell Univ.</u>,

No. 16-cv-6525 (PKC), 2019 WL 10892081, at *2 (S.D.N.Y. Sept. 27, 2019) (granting motions

to seal where proposed redactions were "narrowly tailored and limited" to cover "pricing terms

offered to [non-party] clients").  Their proposed redactions are extensive and include portions of

the Exhibits with no apparent relation to the MSA's commercial terms or Hibernia's business

operations.  The parties' redactions include, <u>inter</u> <u>alia</u>:  the portion of the Final Arbitration Award relating to Petitioner's claim for attorneys' fees and arbitration costs (<u>see</u> Ex. 1 (Dkt. No. 4-3) at 4-7); thirteen pages of the eighteen-page Partial Final Arbitration Award, including portions discussing the procedural history, facts, and analysis (<u>see</u> Ex. 2 (Dkt. No. 4-3) at 12-25); and all but three of the MSA's 31 sections, as well as the entirety of the attached Service Level Agreement (<u>see</u> Ex. 3 (Dkt. No. 4-3) at 29-52, 56-61).

Absent a showing that sealing is "'essential to preserve higher values'" and that such sealing is "'narrowly tailored to serve that interest[,]'" <u>Lugosch</u>, 435 F.2d at 120 (quoting <u>Matter of N.Y. Times Co.</u>, 828 F.2d at 116), a motion to seal cannot be granted.[1]

Accordingly, the motion to seal is denied without prejudice to a revised motion consistent with this Order.  Any revised motion will (1) propose redactions that are narrowly tailored to cover only the commercially sensitive information contained in the Exhibits; and (2) include a detailed explanation – as to each proposed redaction – why the information at issue is commercially sensitive.  Any revised motion will be filed by **August 17, 2021**.  Absent such a filing, all material currently under seal will be unsealed.

---

[1]  The parties also argue that the presumption of public access is outweighed by the federal policy in favor of arbitration and interests of judicial efficiency.  (Mot. (Dkt. No. 4) at 3-4)  But these factors are not a sufficient basis for sealing here, where a strong presumption of public access applies to the Exhibits and the parties have not adequately demonstrated that Hibernia will suffer competitive harm absent sealing and have not narrowly tailored their sealing request.  <u>See</u> <u>Eagle Star Ins. Co.</u>, 2013 WL 5322573, at *2–3 (holding that confidentiality agreement was not an adequate basis for sealing petition to confirm arbitration award, exhibits attached to the petition, and motion to dismiss, despite "competing considerations includ[ing] 'the danger of impairing . . . judicial efficiency' and 'the privacy interests of those resisting disclosure.'" (quoting <u>Lugosch</u>, 435 F.2d at 120)); <u>Glob. Reins. Corp.</u>, 2008 WL 1805459, at *1 (holding that although "[t]he federal policy in favor of arbitration is promoted by permitting one of the principle advantages of arbitration – confidentiality – to be achieved[,]" the risk to Petitioner that unsealing arbitration award would "impair [its] negotiating position with other reinsurers" was not an adequate basis for sealing, because the award was "at the heart of what the Court is asked to act upon").

The Clerk of Court is directed to terminate the motion.  (Dkt. No. 4)

Dated:  New York, New York
        August 11, 2021

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge