UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SUSQUEHANNA INTERNATIONL
GROUP LIMITED,

                Petitioner,

     - against -

HIBERNIA EXPRESS (IRELAND)
LIMITED,

                Respondent.

**ORDER**

21 Civ. 207 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        In this action, Susquehanna International Group Limited ("Susquehanna") seeks to confirm an arbitration award. (Petition (Dkt. No. 1)) In a December 15, 2021 letter, Susquehanna reports that Respondent Hibernia Express (Ireland) Limited ("Hibernia") "has paid in full the settlement amount agreed to by the parties" and that Susquehanna "no longer seeks entry of a judgment" in this matter. (Dec. 15, 2021 Ltr. (Dkt. No. 10) at 1) Susquehanna asks that the Court dismiss this action with prejudice, after addressing the parties' August 17, 2021 revised motion to seal portions of Exhibit 3 to the petition to confirm. (Id.; see also Joint Mtn. (Dkt. No. 7)) Exhibit 3 is a Master Services Agreement ("MSA") entered into by the parties. For the reasons stated below, the parties' revised motion will be granted.

        In an August 11, 2021 order, this Court denied the parties' previous sealing application, finding that the exhibits to the petition were "judicial documents" and thus entitled to "a strong presumption of public access" that could not be overcome merely by the parties' agreement to maintain them as confidential. (Dkt. No. 6 at 4-7) In the August 11, 2021 order, this Court directed that any revised motion to seal the exhibits to the petition must include "(1)

proposed redactions that are narrowly tailored to cover only the commercially sensitive information contained in the Exhibits; and (2) include a detailed explanation – as to each proposed redaction – why the information at issue is commercially sensitive." (Id. at 7)

On August 17, 2021, the parties filed a revised motion (Dkt. No. 7) that seeks sealing only as to certain commercially sensitive terms in the MSA. The Court concludes that the parties have adequately explained why the disclosure of these terms would be likely to cause competitive harm to both companies. See Hansel Decl. (Dkt. No. 8) ¶¶ 1-2, 5-6)

Although the MSA is a "judicial document" for which there is a "strong presumption of access," see, e.g., Standard Inv. Chartered, Inc. v. Nat'l Assn. of Sec. Dealers, Inc., No. 07 Civ. 2014 (SWK), 2008 WL 199537, at *16 (S.D.N.Y. Jan. 22, 2008), the parties have demonstrated that the sealing of certain provisions in this document is "essential to preserve higher values." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 120 (2d Cir. 2006) (quotation omitted). Moreover, the proposed sealing is "narrowly tailored to serve that interest." Id.

Accordingly, the parties' revised motion to seal (Dkt. No. 7) is granted. The parties will file on the public docket their proposed redacted version of Exhibit 3 to the Petition, and an unredacted version will be filed under seal. The Clerk of Court is directed to terminate the motion (Dkt. No. 7) and to dismiss this case with prejudice, with each side to bear its own costs.

Dated: New York, New York
      December 30, 2021

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge